IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02754-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

      Plaintiffs,

v.

U.S. BANK TRUST NATIONAL ASSOCIATION, and
HALLIDAY, WATKINS & MANN, P.C.,

      Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 29] regarding the motions to dismiss of defendants Halliday, Watkins & Mann, P.C. ("HWM") and U.S. Bank Trust National Association ("U.S. Bank").  Docket Nos. 11, 18.  Plaintiffs Keri L. Viegas and James Viegas filed objections.  Docket No. 33.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 29 at 2-4, and the Court adopts them for purposes of ruling on the objections.  To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On September 3, 2025, plaintiffs filed the instant case against HWM and U.S. Bank.  Docket No. 1.  Plaintiffs allege that, "[a]round February 15, 2024, a fraudulent

Assignment recorded by Defendant U.S. Bank purports to transfer only an alleged Deed of Trust.  It is not accompanied by transfer or delivery of the Note and did not have consent of the Plaintiffs."  *Id.* at 2, ¶ 9.  Plaintiffs allege that HWM "is a law firm acting as a debt collector."  *Id.*, ¶ 6.  Plaintiffs allege that they "never entered into any lawful contract with Defendants" and that "Defendants nevertheless initiated a second action of a NONJUDICIAL foreclosure producing fraudulent assignments, affidavits, or fabricated documents."  *Id.* at 3, ¶¶ 10, 11.

The complaint asserts the following claims: (1) Violation of the Colorado Constitution, Article II, § 3 (Inalienable Rights) and Article II, § 7 (Security of Persons and Property); (2) Unlawful Seizure under the Fourth Amendment; (3) Violation of Plaintiffs' Due Process Rights under the Fourteenth Amendment; (4) Fraud; (5) Breach of Fiduciary Duty; (6) Trafficking in Persons in Violation of the Thirteenth Amendment, Fourteenth Amendment, and 18 U.S.C. §§ 1590-1595; (7) Unlawful Peonage in Violation of the Thirteenth Amendment; (8) "Joint Resolution 192 (Discharge of Obligations at Par)"; (9) "Obligations of the United States (12 U.S.C. § 411)"; (10) "Fraudulent Conversion through CRIS (Discovery & Restitution)"; (11) "Violation of Public Law 89-485 (12 U.S.C. § 1829b)"; and (12) "Violation of Freddie Mac Legal Framework for Foreclosure Attorneys (1998 & 2013 LFRA)."  *Id.* at 6-9.  The magistrate judge considered Claims 8-11 as "support for Plaintiffs' fraud claims" rather than "stand alone claims."  Docket No. 29 at 3.  Plaintiffs do not object to the magistrate judge's interpretation of plaintiffs' claims for relief.  *See generally* Docket No. 33.

On September 26, 2025, HWM filed a motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 8, 9, and 12(b)(6).  Docket No. 11.  On October 15, 2025,

2

U.S. Bank filed a motion to dismiss pursuant to Fed. R. Civ. P. 8, 9, and 12(b)(6).

Docket No. 18.  On February 6, 2026, the magistrate judge issued his recommendation

that defendants' motions be granted, plaintiffs' federal claims be dismissed with

prejudice, and that the Court decline to exercise supplemental jurisdiction over plaintiffs'

state law claims.  Docket No. 29 at 10-11.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if

it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121

E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection

"enables the district judge to focus attention on those issues – factual and legal – that

are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's

recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings.").  The Court therefore reviews the non-objected to portions of

a recommendation to confirm there is "no clear error on the face of the record."  Fed. R.

Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less

than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a),

which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiffs

are proceeding pro se, the Court will construe their objections and pleadings liberally

without serving as their advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.    ANALYSIS

#### A.  Claims Two and Three

The magistrate judge recommends dismissal with prejudice of Claims Two and Three because plaintiffs fail to plausibly allege state action as required to state a claim pursuant to 42 U.S.C. § 1983.  Docket No. 29 at 6-8.  Plaintiffs object, arguing that defendants' use of Colorado's foreclosure process renders them state actors pursuant to *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982).  *See* Docket No. 33 at 2-6.  Plaintiffs contend that "Colorado's nonjudicial foreclosure scheme is not a purely private remedy," but rather "a statutory process created and enforced by state law."  *Id.* at 2.  Plaintiffs rely on the fact that a "property owner cannot be divested of title without: Filing of a Notice of Election and Demand invoking statutory authority; Involvement of the County Public Trustee, a state official; Issuance of statutory notices; [and] Conduct of a trustee sale under state supervision."  *Id.* at 2-3.

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.'  Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity."  *Schwab v. Kansas Dep't of Child. & Fams*., 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted).  Private entities can be considered state actors under § 1983 if they engage in conduct that is "fairly attributable to the State."  *Lugar*, 457 U.S. at 937.  *Lugar* established a "two-part approach to this question of 'fair attribution'":

> First, the deprivation must be caused by the exercise of some right or privilege
> created by the State or by a rule of conduct imposed by the state or by a person

4

> for whom the State is responsible. . . .  Second, the party charged with the
> deprivation must be a person who may fairly be said to be a state actor.

*Id.  Lugar* held that a party may fairly be said to be a state actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Id.*

The Court agrees that plaintiffs' complaint fails to allege defendants engaged in conduct that is fairly attributable to the state.  The fact that Colorado's foreclosure process, as governed by Colo. R. Civ. P. 120, "is a statutory process created and enforced by state law" does not mean that defendants engaged in state action by initiating foreclosure proceedings.  *See* Docket No. 33.  "A private individual does not engage in state action simply by availing herself of a state procedure."  *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).  *Lugar* also cautioned, that without a limit on what constitutes a state actor, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them."  *Lugar*, 457 U.S. at 937.  These principles apply to private parties who initiate foreclosure proceedings under Colo. R. Civ. P. 12.  *Silva v. U.S. Bank, Nat'l Ass'n as Tr. under Pooling & Serv. Agreement as of Feb. 1, 2007, GSAMP trust 2007-NCI*, 817 F. App'x 545, 550 (10th Cir. 2020) (unpublished) (holding that plaintiff failed to allege state action under § 1983 against parties involved in Colo. R. Civ. P. 120 proceedings because plaintiff "relied strictly on these private defendants' use of state processes to support her theory of state action, which is not enough for the conduct to be fairly attributable to the state"); *MacIntyre v. Supreme Ct. of Colo.*, No. 20-cv-03559-CNS-SKC, 2023 WL 4230603, at *4 (D. Colo. June 28, 2023) ("Consistent with Tenth Circuit precedent, the Court fully agrees with the Magistrate Judge's conclusion that a

bank like Defendant Chase does not become a state actor when it seeks to enforce its contractual or legal right to commence and pursue a judicial foreclosure of property in state court.") (internal quotations and citation omitted).  Because plaintiffs fail to plausibly allege state action, they fail to state a claim under 42 U.S.C. § 1983.  The Court will dismiss Claims Two and Three pursuant to Rule 12(b)(6).

The magistrate judge recommends that Claims Two and Three be dismissed with prejudice.  Docket No. 29 at 7-8.  "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  The allegations in the complaint show that the only basis for plaintiffs' allegation that defendants are state actors is their use of Colorado's foreclosure proceedings.  *See* Docket No. 1 at 7.  Plaintiffs' objection confirms this as well.  *See* Docket No. 33 at 2-6.  Plaintiffs argue that dismissal with prejudice is improper because they can allege facts based on the "discovery record" that shows amendment would not be futile.  *See id.* at 7-9.  However, not only are the allegations provided by plaintiffs conclusory, they also do not plausibly allege that defendants are state actors.  Rather, plaintiffs allege, without factual support, that U.S. Bank and HWM did not have the authority to pursue foreclosure proceedings and that "ownership, transfer, possession, and enforcement authority remaining actively disputed factual matters."  *See id.* at 8-9.  Because amendment would be futile, the Court will overrule plaintiffs' objection and dismiss Claims Two and Three with prejudice.

### B. Fair Debt Collection Act Claim

Plaintiffs argue that the recommendation erred because it "dismisses Plaintiffs' federal claims without addressing Plaintiffs' Fair Debt Collection Act ("FDCPA") allegations." *Id.* at 6. The complaint is not fairly read to state a claim under the FDCPA; therefore, the magistrate judge did not err. *See* Docket No. 1 at 6-10. Nowhere do plaintiffs request leave to amend their complaint to add an FDCPA claim against HWM in their objection. Even if plaintiffs had done so, the Tenth Circuit has "made clear that a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *See Borsody v. Frontier Heritage Cmtys.*, 2026 WL 1894906, at *7 (10th Cir. June 15, 2026) (internal quotation and citation omitted). Moreover, amendment would be futile. Law firms hired to pursue foreclosure proceedings under Colo. R. Civ. P. 120 are not "debt collectors" under the FDCPA. *See Obduskey v. Wells Fargo*, 879 F.3d 1216, 1220-21 (10th Cir. 2018), *aff'd sub nom.*, 586 U.S. 466 (2019) ("Entities engaged in non-judicial foreclosure actions in Colorado are not debt collectors under the FDCPA."). Accordingly, the Court will overrule plaintiffs' objection.

### C. Claims Six and Seven

The recommendation finds that plaintiffs fail to plausibly allege claims for "unlawful trafficking in persons" pursuant to the Thirteenth Amendment, Fourteenth Amendment, and 18 U.S.C. §§ 1590-1595, and unlawful peonage in violation of the Thirteenth Amendment. Docket No. 29 at 8-9. The recommendation finds that "Plaintiffs have not alleged that Defendants forced Plaintiffs into involuntary labor or

slavery in violation of any provision of Chapter 77 or the Thirteenth Amendment," but rather allege that plaintiffs "needed to work to avoid foreclosure," which resulted in "ongoing economic servitude." *Id.* at 9 (citation omitted). Plaintiffs do not object to the finding that they have failed to state a claim for relief, but instead argue generally that dismissal of their federal claims with prejudice is improper. *See* Docket No. 33 at 7-9. However, plaintiffs do not identify any factual allegations directed at Claims Six and Seven that would make amendment not futile. *See id.* at 6-7. Accordingly, the Court agrees that dismissal with prejudice is proper because plaintiffs fail to plausibly allege that they were forced into involuntary labor, such claims are "patently frivolous," *see* Docket No. 29 at 9, and amendment would be futile. Accordingly, the Court will overrule plaintiffs' objection and dismiss Claims Six and Seven with prejudice.

### D. <u>State Claims</u>

Plaintiffs' remaining claims are state law claims, which the magistrate judge recommends declining supplemental jurisdiction over. Docket No. 29 at 10. Plaintiffs argue that, "[b]ecause Plaintiffs' federal claims should not be dismissed for the reasons stated above, the Recommendation's conclusion that supplemental jurisdiction should be declined is premature." Docket No. 33 at 10. Given that the Court will overrule plaintiffs' objections and dismiss their federal claims, the Court agrees that it is appropriate to decline the exercise of supplemental jurisdiction. *See Aery v. Bd. of Cnty. Commissioners of Tulsa Cnty.*, 696 F. App'x 360, 361 (10th Cir. 2017) (unpublished) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")

(citation omitted).  Accordingly, the Court will dismiss without prejudice plaintiffs' state law claims, Claims One, Four, and Five.

### E.  Leave to Amend

Plaintiffs contend that they should be granted leave to amend.  *See* Docket No. 33 at 7-9.  "Even though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *See Borsody*, 2026 WL 1894906, at *7 (alterations and citation omitted).  As stated above, Claims Two, Three, Six, and Seven will be dismissed with prejudice because plaintiffs fail to plausibly allege a claim for relief and amendment would be futile.  Thus, plaintiffs remaining state claims should also be dismissed. Moreover, plaintiffs first sought leave to amend in response to defendants' motions to dismiss and provided no basis for amendment.  *See* Docket No. 17 at 16; Docket No. 20 at 15.  Where a pro se party seeks leave to amend through a response, the court is "not required to recognize, let alone grant, a motion to amend."  *See Borsody*, 2026 WL 1894906, at *7 (citation omitted).  Accordingly, the Court will overrule plaintiffs' objection and dismiss their federal claims with prejudice, and their state law claims without prejudice.

### F.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

Plaintiffs do not object to the magistrate judge's recommendation that Claim Twelve, alleging a "Violation of Freddie Mac Legal Framework for Foreclosure Attorneys (1998 & 2013 LFRA)," Docket No. 1 at 9-10, be dismissed with prejudice because "Plaintiffs fail to identify a private right of action that would arise from such a violation, let alone a federal cause of action." *See* Docket No. 29 at 9.  And plaintiffs provide no argument suggesting that they can seek leave to amend this claim.  *See* Docket No. 33 at 7-9.  The Court agrees that plaintiffs have not identified a private cause of action regarding Claim Twelve.  Accordingly, the Court will dismiss this claim with prejudice as plaintiffs fail to state a claim and amendment would be futile.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 29] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiffs' Objection to Magistrate Judge Recommendation [Docket No. 33] is **OVERRULED**.  It is further

**ORDERED** that HWM's Motion to Dismiss [Docket No. 11] is **GRANTED**.  It is further

**ORDERED** that U.S. Bank's Motion to Dismiss Plaintiffs' Complaint/Claims and Trial by Jury Demand [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that Claims Two, Three, Six, Seven, and Twelve are **DISMISSED with prejudice**.  It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiffs'

remaining state law claims and such claims are **DISMISSED without prejudice.**  It is

further

**ORDERED** that this case is

closed.  DATED August 13, 2026

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

11